María Pía Fernández et al., Appellants, v. Registrar of Property of Aguadilla, Respondent.

No. 896. Submitted November 6, 1933.—Decided November 16, 1933.

*José Sabater* for appellants. The registrar appeared by brief.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

In a suit brought by appellants herein against Sebastián Roldán and Miguel de los Muros Roldán, the plaintiffs, based on the allegations of the complaint, requested to be declared sole owners of three properties which were described and marked with the letters A, B, and C, and which, as they alleged, they acquired by intestate inheritance from their natural father, Mr. José Fernández de los Muros y Bidopia. Plaintiffs in said suit also demanded that certain conveyances or sales made by their ancestor in favor of the defendant, Miguel de los Muros y Roldán, of the two properties marked with the letters B and C be declared void, and that the record made in the Registry of Property of Aguadilla in favor of defendant Miguel de los Muros Roldán as to one of the properties be canceled.

Appellants, through their attorney, presented in the Registry of Property of Aguadilla a certified copy of the complaint, signed by the clerk of the District Court of Aguadilla, and requested that, as to the property marked with the letter B, notice of said complaint be entered in the registry of property as provided by section 91 of the Code of Civil Procedure.

The registrar returned the document, and refused to enter the notice, on the grounds stated in the following decision:

"The foregoing document, a writing signed by José Sabater, Esq., as attorney for plaintiff, wherein the request is made that notice of the complaint in civil case No. 10703 of the District Court of the Judicial District of Aguadilla, Puerto Rico, a copy of which, certified by the clerk Jesús Palau, was attached to said document, be entered on the margin of the record of the property described in the said writing, is hereby returned without any record being made, because said document is not recordable nor can any notice be entered by reason thereof, as section 91 of the Code of Civil Procedure, upon which the request is based, is a law of a purely substantive character, which does not indicate the procedure to be followed, and in accordance with the doctrine laid down by the Circuit Court of Appeals at Boston which reversed the jurisprudence established by our Hon. Supreme Court, for these *lis pendens* notices the procedure must conform to the provisions of subdivision 1 of section 42 of the Mortgage Law and section 91 of the Regulations for the execution of the Mortgage Law."

The registrar states in his brief that Attorney Angel Arroyo Rivera informed him that in a certain case decided by the Circuit Court of Appeals at Boston, on appeal from this Supreme Court, the opinion sustained the decision of the registrar which had been appealed; but that as he does not have the Reports containing said case, he has not been able to locate the same, and that he has decided the instant case "not only by the reliance he placed on said information, but also because the registrar believes that the question involved in this appeal is now raised for the first time and deserves the learned consideration of this high court."

We do not know of any decision of the Circuit Court of Appeals at Boston which reversed the jurisprudence established by this court. The registrar has committed a manifest error in relying on the information of a third person to deny the notice without verifying said information. The latter, although given in good faith, may be erroneous, either because the judgment, if any, has not been correctly interpreted,

or because there is the mistaken belief that it has been rendered, when as a matter of fact no such adjudication has been made.

The registrar, however, states that in case said information is erroneous and "that said jurisprudence does not exist, it should exist, and established by our learned Supreme Court in a case of such judicial importance." The registrar argues that our laws secure to a defendant the recovery of all the damages which may be caused to him by the plaintiff in case the action brought is not successful by reason of any attachments, and generally in all ordinary and extraordinary proceedings which in some way or other restrain or limit the right to possession or ownership of any class of property. He adds that the only instance where a great privilege is established in favor of the plaintiff, is the *lis pendens* notice authorized by section 91 of the Law of Procedure, in spite of the fact that in substance and essence said notice has the same scope and effect as a preliminary attachment. The principal basis of the decision refusing the record sought is that section 91 of the Code of Civil Procedure is a substantive provision which does not revoke, either expressly or impliedly, subdivision 1 of section 42 of the Mortgage Law, and that for every notice of complaint the procedure to be followed must be that of section 91 of the Regulations for the Execution of the Mortgage Law.

According to subdivision 1 of section 42 of said Law, a cautionary notice of his respective interest may be obtained by one who enters suit for the ownership of real property, or the constitution, declaration, modification or extinction of any real right. Section 43 of the same law provides that a cautionary notice can not be entered except under an order of the court made on motion of a legitimate party and by virtue of a document sufficient therefor in the discretion of the court. Section 91 of the Regulations authorizes cautionary notices by judicial mandate on motion of the person

who brings the action and offers to indemnify any damages which may be caused the defendant thereby, should he win the suit.

Section 91 of our Code of Civil Procedure reads as follows:

"Section 91.—In an action affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may file for record with the registrar of the district in which the property or some party thereof is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action or defense, and a description of the property affected thereby."

The question presented by the registrar as a novel one has been decided by this court more than once. In the case of *Morales* v. *District Court,* 33 P.R.R. 263, it was held that a bond can not be required in order to enter a notice of a complaint under section 91 of the Code of Civil Procedure. In the case of *Padilla* v. *Registrar,* 39 P.R.R. 482, this court, through Mr. Justice Texidor, said:

"There may be seen at a glance the difference between that section and the article of the Mortgage Law cited. The cautionary notice requires that the action be to recover ownership or any real right. The notice to the registry requires, in the case of section 91, that the action should affect the title or right of possession, without the possibility of determining the exact meaning of the verb 'to affect' nor the period or time referred to in the section. The cautionary notice of the Mortgage Law requires the intervention of the judge as a stronger guarantee. In the case of a proceeding the will of the party determines. In regard to the cautionary notice involved herein, article 126 of the Regulations completely establishes the best form of notice to everybody. For the notice, according to the procedural law, a marginal note is sufficient. For the cautionary notice in the present case the guarantee mentioned in article 91 of the Regulations for the Execution of the Mortgage Law is sufficient; in the case of the notice under the procedural law no guarantee is required."

As may be seen, Justice Texidor made a comparative study of the provisions of the Mortgage Law referring to cautionary notices authorized by section 42, and of the notice or record authorized by section 91 of the Code of Civil Procedure, and declared, affirming previous decisions of this court, that the cautionary notice under the Mortgage Law requires the intervention of the court, as a better security, whereas in the case of the notice under the code the request of the party is sufficient. *Mollfulleda* v. *Registrar*, 17 P.R.R. 30; *Manrique de Lara* v. *Registrar*, 23 P.R.R. 803; *Velázquez* v. *Registrar*, 27 P.R.R. 250. The court went on to say that the bond is proper in the cautionary notice of the Mortgage Law according to section 91 of the Regulations; but it is not proper or necessary for a notice as provided by the Code of Civil Procedure.

Such is the jurisprudence of this court which the registrar failed to notice because someone told him that there was a judgment of the Circuit Court of Appeals of Boston reversing the doctrine established.

The record refused must be ordered.